UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

RAYMOND LEE GEARHART,                        Case No. 16-CV-1924 (MJD/LIB)

      Petitioner,

v.

DR. HEART; DR. GABLE; DR. STANTON;
and DR. WAKEMAN,

      Respondents.

RAYMOND LEE GEARHART,                        Case No. 16-CV-1925 (MJD/LIB)

      Petitioner,

                                REPORT AND RECOMMENDATION

v.

DR. MRS. STANTON, Chief Psych; and DR.
MRS. HEART, Psych Doctor,

      Respondents.

---

    Petitioner Raymond Lee Gearhart was civilly committed in 2005 pursuant to 18 U.S.C. § 4246.  *See Gearhart v. Sanders*, No. 14-CV-3197-CV-S-ODS, 2015 WL 113964, at *1 (W.D. Mo. Jan. 8, 2015).  He is now detained at the Federal Medical Center in Rochester, Minnesota.

    On June 10, 2016, the Clerk of Court received several packets of documents from Gearhart related to his detention.  Within those packets included multiple documents labeled as civil complaints or habeas petitions, along with motions and other materials supporting those pleadings.  The Court, in conjunction with the Clerk's Office, has separated these documents out into three

proceedings, as (it appears) was intended by Gearhart. The first of these proceedings[1] contains civil-rights claims brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The remaining two proceedings were initiated with petitions for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. Those petitions are now before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts.[2] Based on that review, this Court recommends dismissal of Gearhart's habeas petitions without prejudice.

Gearhart's habeas petitions are substantially similar. In both petitions, Gearhart alleges that his medication levels have been set too high by medical staff and that he has suffered negative physical side effects as a result. Gearhart requests that the Court order medical staff to reduce his medication, but he also suggests that he should be released from his detention as well.

"If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). Gearhart's allegations regarding medication concern the *conditions* of his confinement, not whether that confinement is itself lawful. As such, those allegations are properly raised in civil litigation, not habeas proceedings. *See Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014). Indeed, Gearhart *has* raised these claims in civil litigation, both in this District, *see* Complaint, 16-CV-1923, ECF No. 1, and elsewhere in ongoing proceedings, *see Gearhart v. Sanders*, No. 6:15-CV-3465-BCW (W.D. Mo. filed Oct. 23, 2015). There is nothing to be gained from litigating these claims in still another set of proceedings,

---

[1] *Gearhart v. Heart*, No. 16-CV-1923 (MJD/LIB). This Recommendation is not intended to affect the proceedings in that case.

[2] Although Gearhart seeks relief under § 2241, the Rules Governing Section 2254 Cases nevertheless apply here. *See* Rule 1(b).

this time under the guise of habeas corpus.  Further, if a detainee "is confined under conditions that are unconstitutional," as Gearhart alleges, "the proper remedy is an injunction or other court order that ameliorates the unconstitutional conditions," not a release from custody.  *Martin v. Benson*, 815 F. Supp. 2d, 1086, 1097 n.5 (D. Minn. 2011).  Again, that remedy is more appropriately sought in civil proceedings like those that Gearhart has already initiated in this District and elsewhere.

Finally, this Court notes that Gearhart is by all indications held pursuant to a valid court order.  Although habeas corpus relief remains available to Gearhart, *see* 18 U.S.C. § 4247(g), challenges to the legality of a commitment under § 4246 are usually more appropriately brought in the district that ordered detention, not the district in which the detainee is confined.  *See Payen v. Jett*, No. 15-CV-0122 (JRT/HB), 2016 WL 3162054, at *4-5 (D. Minn May 16, 2016) (citing *Archuleta v. Hedrick,* 365 F.3d 644, 648 (8th Cir. 2004)).  This District did not order Gearhart's current confinement, and thus any requests for release from that confinement should likely be brought elsewhere pursuant to § 4247.

As explained above, however, Gearhart's challenge is directed at the *conditions* of his confinement, not the legality of his confinement.  Those claims are pending elsewhere and need not also be litigated in duplicative habeas proceedings.  Accordingly, it is hereby recommended that these habeas actions be **DISMISSED**.  This recommendation is for dismissal without prejudice, however, so as to ensure that Gearhart's ability to litigate the issue of his forced medication is not impeded.

**RECOMMENDATION**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. These actions be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

2. All pending motions be **DISMISSED WITHOUT PREJUDICE AS MOOT**.


Dated: August 8, 2016            s/Leo I. Brisbois
                                            Leo I. Brisbois
                                            United States Magistrate Judge


**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.